IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PIERRE A. PLOTKINS, | CIV. NO. 24-00019 JMS-KJM |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ECF NO. 11 |
| v. | |
| COUNTY OF KAUAʻI, FINANCE DIVISION REAL PROPERTY ASSESSMENT, | |
| Defendant. | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ECF NO. 11

## I.  INTRODUCTION

Before the court is Defendant County of Kauaʻi, Finance Division Real Property Assessment's ("Defendant" or the "County") Motion to Dismiss pro se Plaintiff Pierre A. Plotkins' ("Plaintiff" or "Plotkins") Complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  ECF No. 11. Defendant primarily argues that the action is barred by the *Rooker-Feldman* doctrine based on prior proceedings and a state court judgment in the Fifth Circuit Court, State of Hawaii ("state court").  Based on the following, the court GRANTS Defendant's Motion to Dismiss.

## II.  BACKGROUND

### A.    Factual Background

According to the Complaint, Plaintiff owns real property located at 5761 Lokelani Rd., Kapaʻa, on the island of Kauaʻi (the "Property").  ECF No. 11-3 at PageID.36.  On October 5, 2022, the County filed in state court a Complaint to Foreclose Tax Lien against Plotkins in the amount of $65,206.91.  *Id*. at PageID.35–37.  On March 13, 2023, Plotkins filed a counterclaim against the County, challenging the state court's jurisdiction.  ECF No. 11-4.  Motions practice ensued between March 15, 2023, and July 21, 2023.  *See* ECF Nos. 11-5 to 11-12.  In the interim, the County obtained an entry of default against Plotkins for failure to file a timely response to its Complaint to Foreclose Tax Lien.  *See* ECF No. 11-13 at PageID.86.  On July 26, 2023, the County sought default judgment against Plotkins, ECF No. 11-13, which he opposed, ECF No. 11-14.  On September 18, 2023, the state court granted default judgment in favor of the County and appointed a Commissioner to sell the Property via public auction, ECF No. 11-15 ("state court judgment").  Plotkins did not appeal the state court judgment in the state court system.[1]

---

[1] *Department of Finance, County of Kauai v. Pierre A. Plotkins*, 5CCV-22-0000086. *See* eCourt Kōkua, https://www.courts.state.hi.us/legal_references/records/jims_system_ availability (entering Case ID "5CCV-22-0000086" in Case Search) (last visited Apr. 30, 2024). The latest docket entries indicate that on April 3, 2024, the state court granted the County's motion for leave to allow the Commissioner to sell the Property without open houses.  *See id*., Dkts. 65 & 66.

**B.      Procedural Background**

Plaintiff commenced this action in this court with a Complaint filed on January 15, 2024.  ECF No. 1.  Defendant filed its Motion to Dismiss on April 4, 2024.  ECF No. 11.  Plaintiff filed an Opposition on April 8, 2024.  ECF No. 14. Defendant filed a Reply on April 10, 2024.  ECF No. 16.  The court finds this matter suitable for decision without a hearing under Local Rule 7.1(c).

### III.  STANDARDS OF REVIEW

**A.      Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction.  "[U]nlike a rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined by the facts contained in the four corners of the complaint—it may consider facts and need *not* assume the truthfulness of the complaint."  *Americopters, LLC v. Fed. Aviation Admin.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006).  That is, the parties may submit, and the court may consider, "extra-pleading material" and "resolve factual disputes" to determine whether subject-matter jurisdiction exists.  *Assoc. of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

Also, to resolve Rule 12(b)(1) motions to dismiss, a court may take judicial notice of matters of public record filed in the case at hand.  *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to

dismiss, we may take judicial notice of matters of public record outside the pleadings.") (citation omitted).  Federal Rule of Evidence 201 "permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'"  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)).  In other words, a court may take judicial notice of matters of public record, but it "cannot take judicial notice of disputed facts contained in such public records."  *Id*.  And "[a] court must also consider—and identify—which fact or facts it is noticing from such a [record].  Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."  *Id*.

## B.    Pro Se Pleadings

Because Plaintiff is proceeding pro se, the court liberally construes the Complaint and resolves all doubts in his favor.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must grant leave to amend if it appears that Plaintiff can correct the defects in his Complaint, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate.  *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013); *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for,

among other reasons "repeated failure to cure deficiencies by amendments

previously allowed . . . [and] futility of amendment") (citation omitted).

## IV.  DISCUSSION

### A.     *Rooker-Feldman*

Under the *Rooker-Feldman* doctrine,[2] federal district courts are

precluded from reviewing state court judgments in "cases [1] brought by state-

court losers [2] complaining of injuries caused by state-court judgments [3]

rendered before the district court proceedings and [4] inviting district court review

and rejection of those judgments." *Brown v. Duringer Law Grp. PLC*, 86 F.4th

1251, 1254 (9th Cir. 2023) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus.*

*Corp.*, 544 U.S. 280, 284 (2005)); *Mothershed v. Justices of Supreme Court*, 410

F.3d 602, 606 (9th Cir.), *as amended on denial of reh'g*, 2005 WL 1692466 (9th

Cir. July 21, 2005).  State court appeals belong in state court.  Only the United

States Supreme Court has federal jurisdiction to hear appeals from the final

judgment of a state court.  *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).  *Noel*

explains the doctrine's "general formulation":

> If a federal plaintiff asserts as a legal wrong an allegedly
> erroneous decision by a state court, and seeks relief from
> a state court judgment based on that decision, *Rooker-*
> *Feldman* bars subject matter jurisdiction in federal

---

[2] The doctrine is named after *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

> district court.  If, on the other hand, a federal plaintiff
> asserts as a legal wrong an allegedly illegal act or
> omission by an adverse party, *Rooker-Feldman* does not
> bar jurisdiction.

341 F.3d at 1164.  For example, *Rooker-Feldman* would not apply to bar a case

where a party "alleges extrinsic fraud by an adverse party in procuring a state court

judgment" because "such a claim does not challenge the state court decision

directly."  *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1143 (9th Cir. 2021)

(quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140–41 (9th Cir. 2004)).

Application of *Rooker-Feldman* to bar suit in federal court requires

the district court to, first, "determine whether the action contains a forbidden de

facto appeal of a state court decision."  *Bell v. City of Boise*, 709 F.3d 890, 897

(9th Cir. 2013) (citing *Noel*, 341 F.3d at 1158).  *Bell* clarified that "[a] de facto

appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly

erroneous decision by a state court, and seeks relief from a state court judgment

based on that decision.'"  *Id.* (quoting *Noel*, 341 F.3d at 1164).  "Proceedings end

for *Rooker-Feldman* purposes when the state courts finally resolve the issue that

the federal court plaintiff seeks to relitigate in a federal forum, even if other issues

remain pending at the state level."  *Mothershed*, 410 F.3d at 604 n.1.  In addition,

courts "pay close attention to the *relief* sought by the federal-court plaintiff" in

determining whether his action functions as a de facto appeal.  *Hooper v. Brnovich*,

56 F. 4th 619, 624 (9th Cir. 2022) (quoting *Cooper v. Ramos*, 704 F.3d 772, 777–

78 (9th Cir. 2012)).  In other words, "is the federal plaintiff seeking to set aside a

state judgment[?] . . . . If [so], then the district court lacks jurisdiction."  *Noel*, 341

F.3d at 1164.

　　　　　Second, and "only when a plaintiff's suit in federal court is at least in

part a forbidden de facto appeal of a state court judgment," the court must then

determine whether the claims raised in the federal court action are "'inextricably

intertwined' with an issue resolved by the state court judicial decision from which

the forbidden de facto appeal is taken," *id.* at 1165, or, so "inextricably intertwined

with the state court's decision such that the adjudication of the federal claims

would undercut the state ruling or require the district court to interpret the

application of state laws or procedural rules," *Bianchi v. Rylaarsdam*, 334 F.3d

895, 898 (9th Cir. 2003) (internal quotation marks omitted), so as to preclude the

court's review of the state court judgment.  *See also Hooper*, 56 F.4th at 624–25

("Claims are inextricably intertwined if 'the relief requested in the federal action

would effectively reverse the state court decision or void its ruling.'") (quoting

*Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002)).[3]

In challenging the particular outcome of a state court case, "[i]t is immaterial that

[a plaintiff] frames his federal complaint as a constitutional challenge to the state

---

[3] "The 'inextricably intertwined' language from *Feldman* is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker–Feldman* analysis."  *Bell*, 709 F.3d at 897 (citing *Noel*, 341 F.3d at 1158).

courts' decisions, rather than as a direct appeal of those decisions." *Bianchi*, 334

F.3d at 900 n.4; *Cooper*, 704 F.3d at 781.

By contrast, the *Rooker-Feldman* doctrine "does not preclude a

plaintiff from bringing an 'independent claim' that, though similar or even

identical to issues aired in state court, was not the subject of a previous judgment

by the state court," *Cooper*, 704 F.3d at 778 (citation omitted), in which case, "a

statute or rule governing the [state court's] decision may be challenged in a federal

action." *Hooper*, 56 F.4th at 624 (quoting *Skinner v. Switzer*, 562 U.S. 521, 532

(2011) (brackets in *Hooper*)).

## B.    Application

> Here, Plaintiff's allegations that the state court
>
> exceeded [jurisdiction], violated oath of office, denied
> due process, held hearings while plaintiff [was] in
> Canada, without participation.  County of Kauai
> misrepresented essentials.  Court excluded [Plaintiff]
> from proceedings.  No conference calls!

ECF No. 1 at PageID.6, all arose from the September 18, 2023 state court

judgment against Plaintiff.  He claims that the consequential "taking" of the

Property by Defendant and its sale by the Commissioner would result in a personal

loss of over one million dollars.  *Id*.  Plaintiff seeks relief in this court in the form

of an "injunction against the taking of [his] property, actual damages, [punitive]

damages, and interest."  *Id*.  In other words, Plaintiff lost in state-court and now

complains of injuries caused by the state court's decision rendered prior to this action in which he seeks this court's review and rejection of that decision.  This action is thus an impermissible de facto appeal of the state court judgment.

In fact, the constitutional claims Plaintiff raises here—"discrimination against non-resident," the Fourteenth Amendment, Privileges and Immunities Clause, Commerce Clause, and 42 U.S.C. § 1983—derive from the state court judgment itself, and were similarly asserted in state court in opposition to the County's state court motion for default judgment.  Plotkins asserted, among other things that: the tax assessments were unconstitutional and challenged the jurisdiction of the state court, characterizing its actions as "Null and Void," ECF No. 11-14 at PageID.96; "the County and the Court conspired to deny Civil Rights to 'due process'" by holding hearings while he was in Canada so he purportedly had no opportunity to respond to the County's claims, *id*. at PageID.97; and that the foreclosure action constitutes an "unconstitutional taking on a grand scale" of property assessed at over one million dollars, *id*. at PageID.98.  The claims raised are, thus, so "inextricably intertwined" with the state court judgment as to preclude this court's review of that judgment.  *See Bianchi*, 334 F.3d at 901 n.4; *Cooper*, 704 F.3d at 781.

Furthermore, in the context of the underlying tax lien foreclosure matter, even though "matters subsequent to the foreclosure decree, such as the

9

confirmation of sale or the issuance and enforcement of the writ of possession, . . .

would have to wait until entry of the circuit court's final order in the case,"

*Beneficial Haw., Inc. v. Casey*, 98 Haw. 159, 165, 45 P.3d 359, 365 (2002),

interlocutory orders—such as the state court judgment here—are "judgments"

because they are "effectively final."  *Malhan v. Sec'y United States Dep't of State*,

938 F.3d 453, 459 (3d Cir. 2019) (agreeing with the holding of six other circuits

that there is a state-court "judgment" under *Rooker-Feldman*, even in the absence

of a final appealable order, so long as the state-court interlocutory order is

"effectively final"); *Mothershed*, 410 F.3d at 604 n.1; *see also Beneficial*, 98 Haw.

at 165, 45 P.3d at 365 (noting that foreclosure cases in Hawaii "are bifurcated into

two separately appealable parts: (1) the decree of foreclosure and the order of sale,

if the order of sale is incorporated within the decree; and (2) all other orders.")

(citations and internal quotation marks omitted).  Hence, although the state court

judgment is interlocutory, it is "effectively final" for purposes of *Rooker-Feldman*.

*Malhan*, 938 F.3d at 459.

        In short, *Rooker-Feldman* bars this court's review of Plaintiff's

action.[4]  And although "[w]hen justice requires, a district court should 'freely give

---

[4]  Plaintiff appears to raise for the first time the abstention doctrine in an unauthorized submission filed after Defendant filed its Reply.  *See* ECF No. 20 ("Leave to file with Court the attached precedent rulings, relevant to [Defendant's Motion to Dismiss]"); *see also* Local Rule 7.2 ("No further or supplemental briefing shall be submitted without leave of court.").  The court does not consider this improper submission and even if were to, no abstention doctrines apply in

(*continued . . .*)

leave' to amend a complaint," *Ctr. for Biological Diversity v. United States Forest Serv.*, 80 F.4th 943, 955–56 (9th Cir. 2023) (quoting Fed. R. Civ. P. 15(a)(2)), "[a]mendment is futile when 'it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Id*. at 956 (citations omitted).  Here, leave to amend would be futile based on the court's lack of jurisdiction under *Rooker-Feldman*.  *See Obeng-Amponasah v. Naiman*, 677 F. App'x 425 (9th Cir. 2017) (affirming dismissal without leave to amend of foreclosure-related claims under *Rooker-Feldman* doctrine "because the jurisdictional defect could not be cured by amendment").

## V.  <u>CONCLUSION</u>

Based on the foregoing, the court GRANTS the County's Motion to Dismiss, ECF No. 11.  Because leave to amend would be futile, this action is DISMISSED and the clerk is directed to close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 30, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Plotkins v. County of Kaua'i*, Civ. No. 24-00019 JMS-KJM, Order Granting Defendant's Motion to Dismiss, ECF No. 11

---

this matter, as there is no "simultaneously pending federal and state court litigation between the two parties dealing with the same or related issues." *Noel*, 341 F.3d at 1164.